UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMUNDIE O. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>KWAN,<br><br>    Defendant. | Case No. 18-cv-03428-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 12 |

Ramundie O. Brown, an inmate currently housed at Mule Creek State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

The complaint alleges the following about events that occurred at Salinas Valley State Prison: Recreational therapist Kwan "manipulates the minds of unlearned inmate," "threw plaintiff out of his group based on expository statements such as ('Closet Discriminator')," said that Brown did not know how to use the internet due to his inmate status, and would "only retrieve defendant info instead of plaintiff information." Docket No. 1 at 3. Kwan's "implication[s] are deceitful, discriminatory, insulting, hostile, and provocative." *Id.* The complaint indicates that the events occurred on May 1, 2017.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted. The complaint does not make much sense but appears to be concerned mainly with insulting comments by recreational therapist Kwan. Verbal harassment alone is not actionable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston,* 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"). The claim that Kwan made comments that Brown found offensive is dismissed without leave to amend.

The complaint also alleges that Kwan's "implication" was "discriminatory." Docket No. 1 at 3. An allegation of discrimination often suggests an equal protection issue. "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted). Even with liberal construction, the complaint does not state a claim for a violation of Brown' right to equal protection because no *facts* are alleged to suggest

2

that Kwan acted with a discriminatory purpose and that Kwan's actions had a discriminatory effect. The equal protection claim is dismissed with leave to amend.

The complaint also alleges that Kwan threw Brown out of a group, but Brown does not explain what that group was or what disadvantage flowed from not being in Kwan's group. The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487. The complaint fails to allege facts showing that Brown's removal from the group deprived him of a liberty interest of real substance and fails to identify the procedural protections not provided before his removal from the group.[1]

---

[1] When there is a deprivation of a liberty interest of real substance, the procedural protections to which the prisoner is entitled depend on whether the deprivation results from an administrative decision or a disciplinary decision. If it is an administrative decision, due process requires that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the reason segregation is being considered, and allow the prisoner to present his views. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100, 1104-05 (9th Cir. 1986). There also must be some evidence to support the prison officials' decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). If it is a disciplinary decision, the procedural protections required for the hearing include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). There also must be some evidence to support the

3

1  Finally, the Court notes that Brown unsuccessfully requested entry of default (*see* Docket Nos 10 and 11) and apparently intends to request default again. He recently requested a copy of the summons because "more than 20 days have elapsed since the date on which the defendants were served with summons and a copy of plaintiff's complaint." Docket No. 12. Plaintiff is mistaken. The lone defendant in this action has not yet been served with a summons and complaint and has not missed any deadline. Service of the summons will not occur unless and until the court determines that there is a viable pleading and orders the Marshal to serve the summons. That has not happened yet because there is not yet a viable pleading. This order requires Brown to file an amended complaint because his complaint is deficient. If that amended complaint states a viable claim, the court will then order service of the summons and amended complaint. Plaintiff's request for a copy of the summons is DENIED. Docket No. 12.

**CONCLUSION**

The complaint fails to state a claim upon which relief may be granted. As it cannot be said with certainty that Brown cannot cure the deficiencies identified in this order, leave to amend is granted so that plaintiff may attempt to overcome those deficiencies. Brown must file an amended complaint no later than **October 19, 2018**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Brown is cautioned

///

---

disciplinary decision, *see Superintendent v. Hill*, 472 U.S. at 454, and the information that forms the basis for the decision must have some indicia of reliability, *see Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

4

that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: September 13, 2018

_____
SUSAN ILLSTON
United States District Judge